# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LOPES, | Case No. 1:22-cv-00162-DAD-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, *et al.*, | (ECF Nos. 1, 9, 10) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

**I.  Background**

Plaintiff Joseph Lopes ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 14, 2022, the Court screened Plaintiff's complaint and found that Plaintiff stated cognizable claims against Defendant Lima for failure to protect and failure to intervene in violation of the Eighth Amendment, but failed to state any other cognizable claims against any other defendants. (ECF No. 9.) The Court ordered Plaintiff to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claims identified by the Court. (*Id.*) On May 4, 2022, Plaintiff notified the Court of his willingness to proceed on the cognizable claims identified by the Court. (ECF No. 10.)

///

///

1

**II.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**A.     Allegations in Complaint**

Plaintiff is currently housed at California State Prison – Corcoran ("CSP – Corcoran") in Corcoran, California, where the events in the complaint are alleged to have occurred.  Plaintiff names the following defendants: (1) California Department of Corrections ("CDC"); and (2) Correctional Officer Lima.  Plaintiff alleges as follows:

On September 15, 2021, at approximately 7:15 p.m., while Plaintiff was performing his duties as an assigned porter, Defendant Officer Lima, while performing his duties as the 4B4L tower/control officer at CSP – Corcoran, intentionally opened the cell doors of two unclassified inmates.  Defendant Lima was fully aware of the potential risk of serious injury due to assaults as

2

there had been several prior assaults as a result of CDC policy of "integrating" General Population and Protective Custody inmates. This policy, which is designed to save money, is unconstitutional as it places violent inmates with nonviolent inmates, resulting in assaults and serious injuries.

On the above date, Plaintiff was punched, kicked, and thrown down stairs, which rendered Plaintiff unconscious. As a result, Plaintiff re-injured his surgically replaced hip, suffered physical pain in the form of headaches and confusion, as well as emotional distress. Plaintiff suffers from severe anxiety due to being unaware of when the next assault will take place as every week, despite being fully aware, CDC continues to implement its integration policy resulting in attacks and they deliberately take no actions to keep inmates reasonably safe. Plaintiff continues to live in constant fear of assault each and every day.

Plaintiff alleges that the two unclassified inmates posed an obvious risk to the safety and security of the inmates within the institution. The actions of Defendant Lima were deliberate, as he only opened the two doors of the inmates that he was fully aware posed a risk of danger of assault and also exposure to COVID. Both inmates had a bright pink sign on their door indicating "Orientation" informing prison staff that they posed a danger to the population. Nevertheless, Defendant Lima opened both of their doors allowing them unpermitted access to the population and Plaintiff. As a result of Defendant Lima's intentional misconduct, Plaintiff was assaulted by both inmates who punched, kicked, and threw Plaintiff down a staircase. Defendant Lima, after opening the doors turned his back as Plaintiff was attacked. Plaintiff was then chased from Sec. B through the rotunda and attacked in Sec. C of another dayroom where the two inmates proceeded to attack another inmate all while Defendant Lima continued to intentionally turn away. At which point inmates started banging on their doors, causing Defendant Lima to alert his panic button.

Plaintiff requests a declaratory judgment, compensatory and punitive damages, costs and reasonable attorney's fees, and other further relief as the Court deems just and proper.

///

///

**B.     Discussion**

    **1.     Linkage**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

    Here, Plaintiff does not adequately link Defendant California Department of Corrections ("CDC") to any claims. While Plaintiff alleges that CDC's policy of integrating general population and protective custody inmates resulted in assaults and serious injuries, these allegations do not state a cognizable claim, as discussed below. Plaintiff does not otherwise link Defendant CDC to a specific act or omission that violated Plaintiff's rights.

    **2.     Eleventh Amendment Immunity**

    Plaintiff is attempting to sue Defendant CDC for monetary damages. Plaintiff may not pursue his claims for monetary damages against Defendant CDC in its official capacity. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dep't. of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, *Hafer v. Melo*, 502 U.S. 21, 30 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003), or suits for injunctive relief brought against state officials in their official capacities, *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 680 n.2 (9th Cir. 1991). Thus, Plaintiff may only proceed in this action for monetary damages against

Defendant Lima in his individual capacity.

### 3. Challenge to CDC's Integration Policy

Plaintiff may be attempting to challenge CDC's policy of integrating general population and protective custody inmates. Plaintiff alleges that there had been several prior assaults as a result of this policy, and the policy is unconstitutional because it places violent inmates with nonviolent inmates, resulting in assaults and serious injuries.

#### a. Facial Challenge

A constitutional challenge to a policy is "'facial' [if] it is not limited to plaintiff['s] particular case, but challenges application of the law more broadly. . . ." *John Doe No. 1 v. Reed*, 561 U.S. 186, 194 (2010) (facial challenges "reach beyond the particular circumstances of these plaintiffs.") Facial challenges are disfavored. *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450 (2008). "A facial challenge to a [policy] is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the [policy] would be valid. The fact that the [policy] might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid[.]" *United States v. Salerno*, 481 U.S. 739, 745 (1987).

Here, Plaintiff has not alleged any facts demonstrating that implementation of CDC's integration policy would always violate the Eighth Amendment, no matter which inmates or which facilities the policy was applied to. Plaintiff's allegations that the policy is unconstitutional and results in assaults and serious injuries are conclusory and speculative. As Plaintiff has not included allegations that the policy would be unconstitutional as applied in all situations, Plaintiff has not pled a cognizable claim against Defendants that the policy is facially invalid under the Eighth Amendment.

#### b. As Applied Challenge

"'[A] [policy] . . . may be held constitutionally invalid as applied when it operates to deprive an individual of a protected right although its general validity as a measure enacted in the legitimate exercise of state power is beyond question.'" *Little v. Streater*, 452 U.S. 1, 16 (1981) (quoting *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971)). Thus, to support an "as applied"

5

challenge, Plaintiff must show that his individual circumstances make the general application of the policy unconstitutional. *See Doe v. United States*, 419 F.3d 1056, 1063 (9th Cir. 2005).

Plaintiff has not alleged any facts to support a claim that CDC's integration policy, as applied to him, would violate his constitutional rights. There are no allegations in the complaint that the two inmates who attacked Plaintiff, or Plaintiff himself, are subject to the policy, or that implementation of the policy resulted in the inmates' placement in the same section or facility as Plaintiff. Plaintiff alleges that the policy causes him to live in constant fear of assault each and every day, but there are no allegations that the implementation of the policy itself has led to, or might lead to, an assault on Plaintiff. Therefore, Plaintiff has not sufficiently pled that he has been incarcerated under conditions posing a substantial risk of serious harm because "speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to his future health." *Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir. 2007).

**4.     Eighth Amendment**

a.     Failure to Protect

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners or others because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. *Farmer*, 511 U.S. at 833; *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir.2009); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 834, 841; *Clem*, 566 F.3d at 1181; *Hearns*, 413 F.3d at 1040.

At the pleading stage, the Court finds that Plaintiff's complaint states a cognizable claim for failure to protect against Defendant Lima. Plaintiff alleges that there were bright pink signs indicating "Orientation" on the doors of the two unclassified inmates, informing prison staff that the inmates inside posed a danger of assault and exposure to COVID. Nevertheless, Defendant

6

Lima opened both of their doors and allowed them unpermitted access to the prison population and Plaintiff, and Plaintiff was then assaulted by the two inmates.

### b. Failure to Intervene

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farmer*, 511 U.S. at 832–33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). "[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995).

The Court also finds that, at the pleading stage, Plaintiff's complaint states a cognizable claim for failure to intervene against Defendant Lima. Plaintiff alleges that after Defendant Lima opened the two cell doors, he turned his back as Plaintiff was attacked by the two inmates whose doors had been opened. Defendant Lima continued to intentionally turn away while Plaintiff was chased by the two inmates to another dayroom and attacked in the other dayroom, and while another inmate was attacked, and Defendant Lima did not alert his panic button until other inmates started banging on their doors.

### 5. Declaratory Relief

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### III. Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff's complaint states cognizable claims against Defendant Lima for failure to protect in violation of the Eighth Amendment and failure to

intervene in violation of the Eighth Amendment.  However, Plaintiff's complaint fails to state any other cognizable claims for relief against any other defendants.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed February 7, 2022, (ECF No. 1), against Defendant Lima for failure to protect and failure to intervene in violation of the Eighth Amendment; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 5, 2022**                                /s/ *Barbara A. McAuliffe*
                                                                        UNITED STATES MAGISTRATE JUDGE