# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LOPES,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>    Defendants. | Case No. 1:22-cv-00162-ADA-BAM (PC)<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF RE: EXTENSION OF TIME TO FILE RESPONSIVE PLEADING<br><br>(ECF No. 19)<br><br>**Responsive Pleading Due: November 7, 2022** |

Plaintiff Joseph Lopes ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. This action proceeds against Defendant Lima for failure to protect and failure to intervene in violation of the Eighth Amendment.

On May 31, 2022, the Court ordered electronic service on Defendant and directed the California Department of Corrections and Rehabilitation ("CDCR") to file a Notice of E-Service Waiver advising the Court which defendant(s) would be waiving service of process without the need for personal service. (ECF No. 14.) That order also required the California Office of the Attorney General ("OAG") to file, within 30 days from the filing of the Notice of E-Service Waiver, a separate waiver of service of process for any defendant waiving service under Federal Rule of Civil Procedure 4(d)(1). (*Id.*) CDCR returned the Notice of E-Service Waiver indicating that Defendant intended to waive service on July 5, 2022. (ECF No. 16.) An executed waiver of

1

service was filed for Defendant on August 1, 2022.  (ECF No. 17.)  Pursuant to the Court's May 31, 2022, order finding service of complaint appropriate and directing electronic service, Defendant's answer or other responsive pleading is therefore due on or before September 6, 2022.  (*See* ECF No. 14.)

Currently before the Court is Defendant's motion for administrative relief re: extension of time to file responsive pleading, filed August 19, 2022.  (ECF No. 19.)  Plaintiff has not had the opportunity to respond to the motion, but the Court finds a response unnecessary.  The motion is deemed submitted.  Local Rule 203(l).

In support of the motion, counsel for Defendant declares that the Correctional Law Section is currently understaffed due to attorney retirements, leaves of absence, transfers, and resignations.  (ECF No. 19.)  Despite the recruitment and hiring of additional attorneys, the enlistment of Deputy Attorneys General from other sections of the OAG, and Supervising Deputy Attorneys General personally handling cases in addition to their supervisory duties, the current Deputy Attorneys General handling Correctional Law Section cases will be unable to complete all appropriate casework if additional cases are assigned to them.  Defendant therefore requests a ninety-day extension of time to respond to the operative complaint in this action, to allow the Deputy Attorneys General handling existing Correctional Law Section cases to complete existing assignments before turning to a new assignment in this case.  (*Id.*)

The Court, having considered the request, finds good cause to grant, in part, the requested extension of time.  Fed. R. Civ. P. 6(b).  The Court finds that an extension of sixty days, rather than ninety, is appropriate under the circumstances.  The Court further finds that Plaintiff will not be prejudiced by the extension requested here, particularly as Defendant has noted that Plaintiff apparently paroled without informing the Court of his current address or telephone number.  Should Defendant require additional time to respond to the complaint, they may seek a further extension of this deadline, supported by good cause.

Accordingly, it is HEREBY ORDERED as follows:

1. Defendant's motion for administrative relief re: extension of time to file responsive pleading, (ECF No. 19), is GRANTED IN PART; and

2. Defendant shall file and serve a response to the complaint on or before **November 7, 2022**.

IT IS SO ORDERED.

Dated:   **August 30, 2022**                    /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE

3