# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LOPES,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>    Defendants. | Case No. 1:22-cv-00162-ADA-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Joseph Lopes ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. This action proceeds against Defendant Lima for failure to protect and failure to intervene in violation of the Eighth Amendment.

On August 24, 2022, Chief Judge Kimberly J. Mueller issued an order reassigning this action to District Judge Ana de Alba for all further proceedings, (ECF No. 18), and on August 30, 2022, the undersigned issued an order granting in part Defendant's motion for an extension of time to file a responsive pleading, (ECF No. 20). The Court's August 24, 2022 order was returned on September 2, 2022 as "Undeliverable, Return to Sender, Not Deliverable as Addressed," and the Court's August 30, 2022 order was returned on September 6, 2022 as "Undeliverable, Refused."

///

In addition, Defendant indicated in the request to extend the responsive pleading deadline that Plaintiff has apparently paroled without informing the Court of his current address or telephone number. (ECF No. 19, pp. 2, 4.) A search of CDCR's Inmate Locator appears to confirm Defendant's assertion that Plaintiff is no longer in the custody of CDCR.[1]

Plaintiff has not filed a notice of change of address or otherwise communicated with the Court.

**II.     Discussion**

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.**  A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[2]

Plaintiff's address change was due no later than November 4, 2022.  Plaintiff has failed to file a change of address and he has not otherwise been in contact with the Court.  "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).  These factors guide a court in

---

[1] The Court may take judicial notice of public information stored on the CDCR Inmate Locator website. *See In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014) (court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); *Louis v. McCormick & Schmick Restaurant Corp.*, 460 F. Supp. 2d 1153, 1155 n.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).

[2] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

deciding what to do, and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

Given Plaintiff's failure to respond to this Court's order, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. *Id.* at 1227. More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. *Id.* at 1228–29; *Carey*, 856 F.2d at 1441. The Court will therefore recommend that this action be dismissed based on Plaintiff's failure to prosecute this action.

### III. Conclusion and Recommendation

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 27, 2022**          /s/ *Barbara A. McAuliffe*          _
                                          UNITED STATES MAGISTRATE JUDGE

3